Mary PEREZ, Penelope Torres, Sharleen Lee and Danielle Von Hiram, Individually and on behalf of all persons similarly situated, Plaintiffs,

v.

Andrew CHANG, in his capacity as Director, Department of Social Services and Housing, State of Hawaii, and Edwin Tam, in his capacity as Administrator, Public Welfare Division, Department of Social Services and Housing, State of Hawaii, Defendants.

Civ. No. 76–0461.

United States District Court,
D. Hawaii.

Sept. 23, 1977.

Stanley E. Levin, Norman K. K. Lau, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

R. Brian Tsujimura, James P. Dandar, Deputy Attys. Gen., Ronald Y. Amemiya, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

## FINDINGS OF FACT

### and

## CONCLUSIONS OF LAW

SAMUEL P. KING, Chief Judge.

This action, commenced on December 21, 1976, alleged that the Department of Social Services and Housing (hereinafter DSSH) illegally failed to deduct from gross income all expenses reasonably attributable to the earning of income and that the DSSH imposed illegal verification requirements for all Aid to Families With Dependent Children (hereinafter AFDC) applicants and recipients. Plaintiffs asserted that the DSSH violated § 402(a)(7) of the Social Security Act of 1935 (hereinafter Act), 42 U.S.C. § 602(a)(7), its implementing regulations, 45 C.F.R. §§ 233.20(a)(b)(iv) and (7)(i), and the Supremacy Clause of the United States Constitution. Plaintiffs sought to have this action maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and to obtain declaratory and injunctive relief to remedy the DSSH's allegedly illegal actions.

Plaintiffs' Motions for Determination of Class and for a Preliminary Injunction were set for hearing on January 14, 1977. Numerous memoranda and affidavits were filed in support of Plaintiffs' motions during January 1977. On January 18, 1977, a Stipulation Regarding Plaintiffs' Motion for Determination of the Class was filed. This Stipulation stated that as of December 31, 1976, there were 17,084 families receiving AFDC cash assistance.

On January 20, 1977, this Court determined that this action be maintained as a class action. The class consisted of all working family units receiving AFDC assistance from the state.

On January 20, 1977, this Court denied Plaintiffs' Motion for a Preliminary Injunction. In denying Plaintiffs' motion, this Court was of the opinion that Plaintiffs would prevail on the merits, that they suffered some irreparable harm and that they do not have any adequate alternative remedy. On the other hand, this Court stated it does not follow that all lunches purchased on working days, nor all clothing worn on the job, nor total costs of transportation by private automobile, nor all voluntary union dues paid must be allowed as deductions from countable income. This Court denied a preliminary injunction because not enough detailed information was provided at the hearing to fashion a workable injunction. On February 16, 1977, this matter was set for final determination on the merits.

## I. APPLICABLE FEDERAL STATUTE AND REGULATIONS.

1. The authority for allowing work-related expenses is contained in 42 U.S.C. § 602(a)(7) which states, in pertinent part, that:

> [T]he State agency shall, in determining need, take into consideration . . . any expenses reasonably attributable to the earning of . . . income.

2. Deductions from gross income for actual work-related expenses for families in the AFDC program are provided for in 45 C.F.R. §§ 233.20(a)(6)(iv) and (7)(i). Subsection (a)(6)(iv) provides:

> With reference to commissions, wages, or salary, the term "earned income" means the total amount, irrespective of personal expenses, such as income-tax deductions, lunches, and transportation to and from work, and irrespective of expenses of employment which are not personal, such as the costs of tools, materials, special uniforms, or transportation to call on customers.

Subsection (7)(i) states:

> Provide that the following method will be used for disregarding earned income: The applicable amounts of earned income to be disregarded will be deducted from the gross amount of "earned income," and all work expenses, personal and nonpersonal, will then be deducted. Only the net amount remaining will be applied in determining need and the amount of the assistance payment.

3. Verification of actual work-related expenses should not violate 45 C.F.R. 206.-10(a)(10) which states, in pertinent part, that:

> Standards and methods for determination of eligibility shall be consistent with the objectives of the programs, and shall respect the rights of individuals under the United States Constitution, the Social Security Act . . . and all other relevant provisions of Federal and State laws.

## II. PARTIES.

4. Plaintiff MARY PEREZ is a resident of the County of Hawaii and currently resides in Kapaa, Hawaii. She is the mother of seven minor children and has been in the AFDC program since 1974. She works full-time at the Mauna Kea Beach Hotel as a housekeeping maid from 3:00 p. m. to 10:00 p. m. She currently receives Three Dollars and Fifty-Five Cents ($3.55) an hour.

5. Plaintiff PEREZ pays union dues to ILWU Local 142. These payments total between $10.00 and $12.00 each month depending on her income. Plaintiff PEREZ also pays for the cost of commuting to work on a bus provided by the company. The cost is $1.00 for each round trip. When a bus does not arrive on schedule, she drives 15 miles to work. Plaintiff PEREZ also purchases a hot meal at work for fifty cents. Mrs. Nihipali, Plaintiff PEREZ's social worker, informed her that special uniforms, work shoes, medical insurance, union dues, and transportation costs were deductible. Plaintiff PEREZ did purchase special shoes at the recommendation of her physician, but she never informed her worker. The special shoes were required by her doctor and not specifically her employer. She was denied reimbursement for the foregoing expenses.

6. Plaintiff VIOLET ARBAS is a resident of the City and County of Honolulu, and she has one minor child. She has been in the AFDC program since 1971. She works part-time as an Account Executive in the Advertising Department of the Kaleo Newspaper at the University of Hawaii. She attends the University of Hawaii as a condition of employment. Her main functions are in sales. She is in charge of organizing advertisements relating to dining and entertainment, and it is for these reasons that she must call upon drinking, disco and restaurant establishments at different times of the day and night.

7. Plaintiff ARBAS has expenses on an average of Sixty Dollars ($60.00) per month. In addition, her worker required her to submit detailed verification from her employer on all work-related expenses. Her employer stated that he found it irregular to have

to write notes on an employee's schedule and that such an inconvenience could mean the termination of the employee. Her employer further indicated that the worker should get the University records to verify Plaintiff ARBAS' job since it was a public record. She was denied reimbursement for the foregoing expenses.

8. Plaintiff ARBAS' worker, Iris Poaha, determined that Plaintiff ARBAS lives at Varsity Circle by Varsity Theatre, approximately three blocks from the corner of King and Beretania Streets where the nearest bus stop is located.

9. Plaintiff SHARON CABANA is a resident of the County of Honolulu and currently resides in Waipahu with her two minor children. She has been in the AFDC program since 1973. She works full-time as a telephone operator at Straub Clinic and has an irregular work schedule.

10. Plaintiff CABANA had her transportation and lunch expenses denied by her worker. Her worker only allowed Ten Dollars and Eighty-Three Cents ($10.83) for transportation expenses. Subsequently, a fair hearing decision dated December 9, 1976 allowed her transportation expenses at Fifteen Cents ($.15) per mile, but again denied her lunch expenses of Two Dollars ($2.00) per work day.

11. If Plaintiff CABANA's actual work-related meal expenses of Forty-Three Dollars ($43.00) per month were deducted from her gross income, her family's financial assistance to which they are entitled each month would substantially increase. Since her actual work-related meal expenses were not allowed as deductions, she felt discouraged from working.

12. Plaintiff LANA DE WITT is a resident of the City and County of Honolulu, and she has one minor child. She has been in the AFDC program since 1974. She works full-time as a hostess/waitress at the Chart House Restaurant at times varying between 5:00 p. m. until 11:00 p. m. or 2:00 a. m. She drives her son to a caretaker each night before going to work and picks him up each night after work.

13. Plaintiff DE WITT has expenses of One Hundred Dollars and Sixty Cents ($100.60) which is composed of monthly parking fees ($20.00), monthly support hosiery expense ($35.00), monthly dinner expense ($18.00), and monthly transportation costs of $27.60, and a one-time uniform deposit expense of Twenty Dollars ($20.00). Her actual work-related expenses were denied as deductions from gross income and was allowed only Ten Dollars and Eighty-Three Cents ($10.83) as work-related transportation expenses. She was denied reimbursement for the foregoing expenses.

14. It would be very difficult for Plaintiff DE WITT to have to catch the bus to work, and she would be discouraged from working if she was forced to catch the bus.

15. It takes approximately one hour from Plaintiff DE WITT's residence to work if she was forced to catch the bus. It takes only thirty minutes if she drives to work, including the time needed to drop her son off at the caretaker's.

16. Plaintiff DE WITT's work-related transportation expenses for parking and gasoline are directly and substantially attributable to her employment.

17. Plaintiff DE WITT's worker, Aiko Nakandakari, determined that Plaintiff DE WITT lives on Kilauea Avenue in Kaimuki, close to the route of the Fort Ruger Bus, and thus denied reimbursement for her actual automobile transportation expenses.

18. Plaintiff SHARLEEN LEE is a resident of the County of Honolulu and currently resides in Kailua with her minor daughter. She has been in the AFDC program since 1971. She has worked full-time as a receptionist in a law office for the past year.

19. Plaintiff LEE has lunch expenses of an average of One Dollar and Thirty-Five Cents ($1.35) per work day. Her worker denied these expenses as deductions from gross income.

20. Plaintiff PENELOPE TORRES is a resident of the City and County of Honolulu and she has two minor children. She has been in the AFDC program since 1970. In

July, she was employed part-time as a City and County outreach aid interviewing the elderly. Her job was to interview senior citizens in their homes.

21. Plaintiff TORRES had a one-time clothing expense of One Hundred Dollars ($100.00) in July 1976 which was denied as a deduction from gross income. Plaintiff TORRES was required to "dress properly" so as not to offend the senior citizens she interviews. Her employer does not specifically require any particular uniform or shoes with the exception of halter tops and hip hugger pants. Plaintiff had great discretion in what she could wear.

22. A letter from Toshio Aoyagi, Information and Referral Coordinator, to Rick DeWaele, stated that the Outreach Aides are required to be properly dressed at all times when on the job. The senior citizens are very sensitive to the manner of dress and conduct of the Outreach Aides that these requirements are strictly enforced.

23. Plaintiff TORRES' lunch expense of Two Dollars ($2.00) per work day was also denied as a deduction. These expenses were denied again in a fair hearing decision dated December 13, 1976.

24. Plaintiff TORRES' worker, Lillian Nakamoto, determined that Plaintiff TORRES lived only three to five blocks from the bus stop and presently lives close to the corner of Beretania and Kukui Streets.

25. Plaintiff DANIELLE VON HIRAM is a resident of the County of Honolulu and currently resides in Kahaluu. She has two minor children, one adult son, and a daughter attending college. She has been in the AFDC program since 1969. She has worked full-time for Cinerama Hawaii Hotels for the past four years and currently works in the accounting department.

26. Plaintiff VON HIRAM incurs a monthly parking expense of Twenty Dollars ($20.00). Her gasoline expense is approximately Forty-One Dollars ($41.00) per month. Her car repair bill for the last year was $700.00. Plaintiff VON HIRAM lives eighteen miles away in Kahaluu and must be at work by 7:30 a. m. In a fair hearing held December 26, 1976, the fair hearing officer found that Plaintiff VON HIRAM lives one-fourth of a mile from the nearest bus stop and one passes by every twenty minutes. Her worker denied all of these expenses as deductions and only allowed Ten Dollars and Eighty-Three Cents ($10.83) as work-related transportation expenses.

27. Substantially all of Plaintiff VON HIRAM's work-related transportation expenses are directly attributable to her job in Waikiki. One of her children takes the school bus to King Intermediate School. Her other child is able to walk to Ahuimanu Elementary School. Her parking, gasoline and car repair bills are, therefore, a result of her driving to work.

28. In order to arrive at work by 7:30 a. m., Plaintiff VON HIRAM must drive her car which usually takes about thirty minutes one way. If she were to take the bus, it would take one and one-half hours each way, and she would leave her home before 6:00 a. m. each morning. If she were forced to take the bus, she would be greatly discouraged from working because she would have to rise by 5:00 a. m. each morning and would not arrive back at home until around 6:00 p. m. each night.

29. The first time Plaintiff VON HIRAM's worker personally informed her of the possibility of allowable work expense deductions was after she had filed for a fair hearing and after she had contacted the Legal Aid Society of Hawaii. She was told that all of the work expenses must be verified by her employer before her work-related expenses would be allowed as deductions.

30. Before Plaintiff VON HIRAM's fair hearing of December 20, 1976, her sister, Mrs. Martinez, went down to Plaintiff VON HIRAM's worker's office in the morning and was unable to talk to the worker. Her sister attempted to submit Plaintiff VON HIRAM's transportation expense receipts to the worker at that time.

31. Plaintiff VON HIRAM's sister went back that same afternoon to talk to the worker. The worker talked to the sister

and the worker told her that employer verification was needed before work-related expenses would be allowed as deductions. The worker rejected transportation expense receipts during this same interview.

32. Defendants ANDREW CHANG and EDWIN TAM are responsible for the administration of the State's Public Welfare Program.

33. Defendant TAM in a letter dated May 19, 1976 to Mr. Stanley E. Levin of the Legal Aid Society of Hawaii, stated that Public Welfare Manual § 3367.1 will be immediately rescinded for AFDC insofar as it violates *Shea v. Vialpando*, 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974).

34. Defendant TAM in a letter dated June 4, 1976 to Mr. Levin recognized that persons may have work expenses, less than or more than the $33/44 amounts. Defendant TAM recognized that the law calls for individualized itemization of work expenses and, therefore, only the actual expenses attributable to each case were being allowed.

## III. STATE PARTICIPATION IN THE AFDC PROGRAM.

35. The Department of Social Services and Housing receives millions of dollars from the federal government to finance its AFDC program on a matching fund basis. In order to receive federal funds, the Department must comply with federal statutes and regulations governing the AFDC program. Pursuant to these requirements the DSSH was required to formulate a "standard of need" and did, in fact, formulate one which divides the "standard of need" into shelter costs and monthly standard allowances. This "standard" establishes the minimum standard of need for needy families in Hawaii.

36. The DSSH shall, in determining need, take into consideration any expenses available for current use and currently available resources shall be considered in determining need.

## IV. HISTORY OF WORK EXPENSE DEDUCTIONS IN HAWAII.

37. Public Welfare Letter No. 76–5 dated May 5, 1976, was issued by the DSSH as the binding interim policy on work expenses until the Governor could approve the proposed rules on work expenses. This Letter allowed at minimum costs, tools and equipment, special uniform/work shoes, union dues, medical insurance and transportation expenses. The Letter also required that all expenses must be verified by the employer as to cost and necessity.

38. The final regulations on work expenses were finally signed by Governor George R. Ariyoshi on November 24, 1976. It was under these final regulations that the Plaintiffs were processed.

39. The final regulations are substantially similar to Public Welfare Letter No. 76–5. The final regulations contained in Hawaii Public Welfare Manual Section 3368.3 allow the following deductions as work expenses:

1) *Tools and Equipment*

   The reasonable and necessary costs of tools and equipment when required for employment shall be deducted.

2) *Special Uniform, Special Work Shoes*

   This is defined to be clothing or work shoes that can be used only for the job and not for other personal use. The cost of such clothing or shoes shall be deducted to the extent such costs are determined to be reasonable and necessary.

3) *Medical Insurance*

   The actual amount for compulsory medical insurance shall be deducted.

4) *Union Dues*

   Union dues will be deducted if mandatory. When union dues are optional but service fees mandatory, the cost of service fees shall be deducted.

5) *Private Employment Agency Fee*

   When a recipient contracts with a private employment agency for its services, the amount required as a service fee shall be deducted.

6) *Transportation*

   a. If a recipient/applicant is required to have a car as a condition of employ-

ment because he is a salesman or for other similar type of employment, deduction for the cost of transportation to call on customers shall not exceed the mileage rate of *fifteen cents a mile,* less reimbursement for .expenses received from the employer, unless the recipient/applicant can show that his transportation cost exceeds the amount to be recognized by the Department. (The mileage rate of fifteen cents a mile includes actual operating and fixed expenses and depreciation. This is based on information in 1976 Edition of Federal Income Tax instructional pamphlet. California welfare regulations allow twelve cents a mile as reasonable. Fifteen cents is being recognized as reasonable for Hawaii considering cost of living.)

A record of the mileage shall be kept by the applicant/recipient to support his transportation cost. The record shall include date and reason for all trips, including the beginning and ending mileage for the trips. The mileage determined from the record will be the basis for establishing the amount of cost to be deducted.

b. The cost of the most reasonable alternative mode of transportation shall be deducted unless free transportation is available.

(1) Cost of payment for carpool may be deducted provided that:

(a) Deductions shall not exceed cost of public transportation, when available, and

(b) Deductions shall be as paid, provided:

(1) the amount is reasonable and does not exceed eight cents a mile, unless the recipient can show that his transportation cost exceeds that amount, and

(2) public transportation is not available.

Carpool would be shared by a minimum of two persons, including the recipient.

(2) If the recipient uses his own car when public transportation is not avail-

able, the mileage rate of fifteen cents a mile, less any amounts contributed by persons who ride with him, may be deducted. The mileage rate shall not exceed fifteen cents a mile unless the recipient can show that his transportation cost exceeds that amount. An accurate record of dates and mileage to and from work shall be kept by the recipient.

(a) This rate is to be deducted only to the point when and/or where public transportation becomes available.

(3) The amount deducted for transportation costs in any of the above situations may not exceed the actual cost of public transportation if determined to be available to the recipient. *Exception* : The agency worker shall determine whether public transportation is a reasonable alternative in exceptional situations, e. g. mother with young child living in Kuilima who has to take the 5:45 a. m. bus in order to take the child to day care in Kaneohe and to report to work in Honolulu by 8:00 a. m. The early hour may be especially demanding on a young child as they will need to leave home early enough to take the 5:45 a. m. bus. Deduction from earnings for use of private car to Kaneohe may be made in such a situation, provided there is no duplication of payment from another program, e. g. service cost payment.

40. It was stipulated after the final regulations were effective that union dues, whether voluntary or not, are work-related expenses and shall be allowed as a deduction from gross income, after applicable disregards, so long as the dues were paid for the job(s) in which the AFDC applicant/recipient is employed.

41. Jessie Shimada, an employee of the DSSH's Income Maintenance Program Development Administration, determined as of February 15, 1977, that the necessary documentation required by workers for uniforms were an employer's statement and a receipt of purchase.

42. Jessie Shimada determined as of February 15, 1977, that with regard to private automobile transportation, the DSSH only required a mileage report in order to determine the amount to be deducted.

43. Hawaii Public Welfare Manual Section 3368.3(4)(b) requires the recipient/applicant to bear the burden of justifying the existence and need for all costs claimed.

## CONCLUSIONS OF LAW

1. By not allowing Plaintiffs actual work-related expenses to be deducted from gross income after applicable disregards, Defendants have violated § 402(a)(7) of the Social Security Act of 1935, 42 U.S.C. § 602(a)(7), its implementing regulations, 45 C.F.R. §§ 233.20(a)(6)(iv) and (7)(i).

2. Defendants should allow personal expenses and expenses of employment which are not personal pursuant to 45 C.F.R. §§ 233.20(a)(6)(iv) and (7)(i) as follows:

(a) Meals. A reasonable amount for all meals during work hours based upon generally accepted habits among the non-recipient community.

(b) Work Clothing. A reasonable amount for clothing which would not have been purchased but for the employment whether or not the clothing may be also worn by the recipient outside of the employment.

(c) Transportation. The actual cost of transportation to and from work. For transportation by personal automobile the actual cost may be set at such amount per mile as is allowed by the federal internal revenue code for work-related transportation expense (currently 15¢ per mile), or such other amount as the recipient may establish to the satisfaction of Defendants.

(d) Union Dues. All work-related union dues actually paid whether mandatory or voluntary.

3. By requiring burdensome verification of all work-related expenses and by not using Plaintiffs as the primary sources of information, Defendants have violated 45 C.F.R. 206.10(a)(10)

Judgment shall enter accordingly.